UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CNC SOLUTIONS & ENGINEERING, LLC, | |
| Plaintiff, | No. 21 C 05651 |
| v. | Judge Thomas M. Durkin |
| KORLOY AMERICA, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff CNC Solutions & Engineering, LLC ("Plaintiff") alleges that Defendant Korloy America, Inc. ("Defendant") breached two contracts and violated the Illinois Sales Representative Act by failing to pay sales commissions that it owed to Plaintiff. Defendant moves to dismiss under Federal Rules of Civil Procedure 8, 12(b)(6), 12(b)(7), and 17, arguing that because Plaintiff isn't a party to the contracts, it cannot sue to enforce them. Defendant also argues that Plaintiff's Illinois Sales Representative Act ("SRA") claim is duplicative of its breach of contract claims and must be dismissed. For the foregoing reasons, Defendant's motion is denied.

**Background**

Defendant, a California corporation, is in the business of selling industrial milling and cutting tools. R. 29 ¶ 10. Plaintiff is a Wisconsin limited liability company that sells cutting tools within the manufacturing industry. *Id.* ¶¶ 1, 9. Kevin Gogolewski ("Gogolewski") is Plaintiff's sole member and owner. *Id.* ¶ 1. Since 2011,

1

Gogolewski has been providing sales support and training to Defendant. *Id.* ¶¶ 3, 10–11.

In 2018, a Sales Agent Exclusive Agreement (the "Sales Agent Agreement") granted the exclusive right to sell Defendant's products in a three-state territory in exchange for 11.5% commission on all sales. *Id.* ¶ 12. The Agreement stated it was executed "by and between" Defendant and "Kevin R. Gogolewski, P.E., Manufacturing Consultant – Engineer," of "CNC Solutions & Engineering Inc.," which was an apparent misnomer of Plaintiff, CNC Solutions & Engineering, LLC. R. 29-1 at 1. Gogolewski signed the Sales Agent Agreement. *Id.* at 4.

In 2020, Defendant and "Kevin R. Gogolewski, P.E., Manufacturing Consultant," again of "CNC Solutions & Engineering, Inc.," entered into an Independent Contractor Agreement ("the Contractor Agreement"), which granted the right to sell Defendant's products in the same territory and a 10% commission on all sales "serviced by CNC Inc." to a designated list of distributors. R. 29 ¶ 13; R. 29-2 at 1, 6. The Contractor Agreement specified that "all expenses by CNC Solutions & Engineering arising from expenses in support of end user accounts . . . will be reimbursed directly to CNC Solutions & Engineering," and provided for commissions to be paid to "CNC Solutions & Engineering." R. 29-2 at 2, 7. The Contractor Agreement could only be terminated by 30 months' written notice. *Id.* at 4. Gogolewski also signed this contract, and under his signature, listed a corporate tax identification number and his title of "P.E. Manufacturing Consultant." *Id.* at 6.

"CNC Solutions & Engineering, Inc." filed a Complaint on October 22, 2021, alleging that Defendant failed to pay full commissions as required under the Agreements. R. 1; R. 29 at ¶¶ 14–15, 22, 27–28, 34. Defendant filed a motion to dismiss, alleging in part that the named plaintiff was a nonexistent corporate entity. R. 12. Because the error could be easily corrected, this Court ordered Plaintiff to amend its Complaint. R. 26. The Amended Complaint now names "CNC Solutions & Engineering, LLC, a Wisconsin limited liability company," as Plaintiff. Count I alleges breach of the Sales Agent Agreement for failure to pay commissions. Count II alleges the same as to the Contractor Agreement, as well as improper termination for failure to give 30 months' notice. *Id.* ¶¶ 22, 27–28. Count III alleges violations of the Illinois Sales Representative Act, 820 ILCS 120/1–3 (the "SRA"), for failure to timely make all outstanding commission payments upon contract termination. *Id.* ¶¶ 32–34.

## Discussion

### I.  Whether Plaintiff Is a Party to the Agreements

Defendant first argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff is not a party to the Agreements and cannot sue for their breach. The parties style their arguments under a conglomeration of different Federal Rules of Civil Procedure, including 12(b)(1) (lack of standing), 12(b)(6) (failure to state a claim), 12(b)(7) (failure to join a necessary party), and 17 (failure of the real party in interest requirement). Regardless of which Federal Rule applies, all the arguments boil down to the question of whether Plaintiff was a party to the Agreements, which is a simple matter of contract interpretation.

3

### A. Legal Standard

Under Illinois law[1], courts interpret contracts according to the "four corners rule," which posits that a written contract "speaks for itself, and the intention with which it was executed must be determined by the language used." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992–93 (7th Cir. 2007) (quoting *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 878 (7th Cir. 2005)). If the contract's language is "clear and unambiguous," the court will not consider extrinsic evidence. *Camico*, 474 F.3d at 993. "An ambiguity exists . . . if the contract's language is susceptible to more than one interpretation." *Id.* (citing *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill.2d 457, 462–63, 706 N.E.2d 882, 884 (Ill. 1999).

### B. Analysis

Defendant's argument that Plaintiff was not a party to the Agreements and thus cannot enforce them is two-fold. First, Plaintiff was incorrectly named in the Agreements as a corporation rather than an LLC, which, Defendant argues, precludes it from enforcing the Agreements. Second, Defendant contends that Gogolewski entered the contracts in his individual capacity rather than as an agent

---

[1] The Sales Agent Agreement, apparently executed in Illinois, contains no choice of law clause. The Contractor Agreement, however, has a California choice of law clause. R. 29-2 at 5. When a federal court sits in diversity, it applies the choice-of-law rules of the forum state—here, Illinois. *Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 718 (7th Cir. 2018). Under Illinois choice-of-law rules, the forum's law is applied "unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020) (citation omitted). This is true even when a choice-of-law clause is at play. *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021). Because both parties support their arguments with Illinois law, the law of the forum, and neither party raises an actual conflict with California law, the Court will apply Illinois law.

of Plaintiff, such that Gogolewski is the only party who can enforce the Agreements' terms.

### 1. Misnomer Argument

The Court first turns to Defendant's argument that Plaintiff was not a party to the Agreements because the Agreements named Plaintiff as a corporation and not a limited liability company. It is settled law that a "misidentification of a contracting party's legal name in a contract does not, in and of itself, prohibit any party to that contract from enforcing it," so long as the party's legal name "is reasonably clear," and the error is unlikely to confuse or mislead the counterparty. *Cheese Depot, Inc. v. Sirob Imports, Inc.*, No. 14-cv-1727, 2018 WL 1801792, at *5 (N.D. Ill. Apr. 16, 2018); *see also Pilsen Brewing Co. v. Wallace,* 214 Ill. App. 540, 545 (Ill. App. Ct.), *aff'd*, 291 Ill. 59, 125 N.E. 714 (1919) (holding that it was longstanding law that a misnomer of a party to a contract does not necessarily prevent that party from enforcing it). In this case, the misidentification of Plaintiff is not material.

*Cheese Depot*, a case which decided a nearly identical question, is instructive. 2018 WL 1801792, at *6. There, the contract at issue incorrectly named the plaintiff as "Cheese Factory" instead of "Cheese Depot." *Id.* The defendant moved for summary judgment, arguing that the plaintiff could not enforce the contract because it was not a party to the contract. *Id.* The court found sufficient evidence that Cheese Depot was the intended party under the contract to survive summary judgment, because Cheese Factory was not an existing company, the signatory to the contract was the sole

shareholder of Cheese Depot, and the services under the contract were provided by Cheese Depot. *Id.*

Similarly here, the true legal identity of CNC as an LLC, as opposed to a corporation, can be easily ascertained. Defendant admits that "CNC Solutions & Engineering, Inc." does not exist. R. 33 at ¶¶ 2–3. Additionally, Gogolewski, the signatory of the two Agreements, is the sole member of CNC Solutions & Engineering, LLC. And though Defendant is correct that "CNC Solutions & Engineering, LLC" is found nowhere in the Agreements, "CNC Solutions & Engineering, Inc." and "CNC Solutions & Engineering" are. It is *only* the three-letter legal designation after the full name of the company that is incorrect. In noting the name of a company in normal conversation, one does not typically even mention such legal designations.

Likewise, the Court does not find convincing that "Inc." versus "LLC" would cause Defendant confusion about the entity with whom it was contracting. Such a misnomer is certainly less confusing than "Cheese Depot" being misnamed "Cheese Factory." *Cheese Depot*, 2018 WL 1801792, at *6. Defendant's insinuation that Plaintiff intentionally misnamed itself in the Agreements and the original Complaint in a bad faith effort to confuse Defendant is also unlikely, given that misnomers "could only hurt" a plaintiff seeking to enforce a contract. *Marshall Feature Recognition, LLC v. Wendy's Int'l, Inc.*, No. 14-CV-865, 2015 WL 6083245, at *3 (N.D. Ill. Oct. 15, 2015) ("It is unlikely that plaintiff intentionally misnamed itself . . . because, as is evident from the instant motion to dismiss, the mistake could only hurt

6

plaintiff."). Thus, it is clear from the face of the Agreements that the misnomer of Plaintiff is inconsequential to Plaintiff's ability to enforce the Agreements.

### 2. Individual Capacity Argument

The Court turns next to Defendant's argument that Gogolewski executed the Agreements in his individual capacity. Defendant contends that Plaintiff cannot enforce the Agreements because Gogolewski never held himself out as an agent of Plaintiff, and Defendant never agreed to contract with Plaintiff. If Gogolewski entered the Agreements in his individual capacity instead of as an agent of Plaintiff, then Plaintiff does not have the right to enforce the terms of the Agreements. *See* Restatement (Third) Of Agency § 6.04 (2006).

A contracting party must be able to determine with whom it is dealing. An owner of a company, then, cannot enter any contract he wishes and hide behind the limited liability the corporate form provides; he must instead make it clear he is executing the contract as an agent of his company. *See Ameritech Pub. of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 62, 839 N.E.2d 625, 632 (2005). For example, where the owner of a corporation enters a contract and fails to reference or mention the corporation's name, he will be liable under the contract in his individual capacity. *Id*. On the other hand, where the owner discloses the name of the company on the face of the contract and indicates his corporate affiliation and title next to his signature, he discloses his intent to execute the contract as an agent of the corporation. *Knightsbridge Realty Partners, Ltd.–75 v. Pace,* 101 Ill. App. 3d 49, 53 (1981).

7

Here, the beginning of each Agreement states it is executed by Gogolewski, "Manufacturing Consultant" of "CNC Solutions & Engineering, Inc." This clearly discloses a company identity and Gogolewski's title within that company. R. 29-1 at 1; R. 29-2 at 1. Further, the Contractor Agreement explicitly states that CNC, not Gogolewski, would be servicing accounts, incurring expenses, and receiving commission payments and expense reimbursements. R. 29-2 at 2, 6, 7. And although the signature lines in both Agreements do not mention CNC, under Gogolewski's signature in the Contractor Agreement, he wrote his title and provided a corporate tax identification number. Because there is no ambiguity on the face of the Agreements that the intention of the parties was to bind an entity named CNC Solutions & Engineering, not Gogolewski in his individual capacity, the Court ends its inquiry. *PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 892 (7th Cir. 2004) ("Under Illinois law, courts must ascertain parties' intentions exclusively from an agreement's language if it is clear and unambiguous."). Thus, Defendant's argument that Plaintiff is not a party to the Agreements and cannot enforce them fails.[2]

## II. Whether the Amended Complaint Contains Duplicative Claims

Defendant next argues that Plaintiff's Illinois Sales Representative Act claim in Count III should be dismissed because it is duplicative of Plaintiff's breach of contract claims in Counts I and II. The SRA creates a civil cause of action when a

---

[2] Because Gogolewski did not enter the Agreements in his individual capacity, the Court need not analyze whether he is a necessary party under Fed. R. Civ. P. 12(b)(7) or 19(a). If he acted as Plaintiff's agent in executing the Agreements, he cannot sue to enforce them. *See* Restatement (Third) of Agency § 6.01 (2006).

party to a contract fails to comply with either (1) the terms of the contract concerning timely payment of commissions due upon termination of the contract; or (2) § 2 of the Act, which requires outstanding commissions be paid within thirteen days of contract termination, notwithstanding any contrary contractual provisions. 820 ILCS 120/2–3. Count III of the Amended Complaint alleges violations of the SRA because Defendant failed to pay to Plaintiff "all commissions to which it was entitled for the sale of Defendant's products when due." R. 29 ¶ 34.

### A. Legal Standard

Federal Rule of Civil Procedure 8(d) permits plaintiffs to list all alternative claims that they have, regardless of consistency, but "requires the pleader to use a formulation from which it can be reasonably inferred that the pleader is indeed pleading in the alternative." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014) (citing *Armstrong Tire Corp. v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011)). Claims must be dismissed as duplicative, as opposed to alternative, if the "parties, facts, and requested relief do not significantly differ." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 919 (N.D. Ill. 2013).

### B. Analysis

Plaintiff's SRA claim is neither alternative to nor duplicative of the breach of contract claims, but rather is a separate form of relief. It is true that the SRA claim is predicated on the same facts as the breach of contract claims, and that Plaintiff did not plead Count III as an alternative count. And in fact, a violation of the SRA can be proved by showing a party breached a sales contract's provisions regarding payment

of commissions after contract termination. 820 ILCS 120/3. Courts applying Illinois law, however, permit SRA claims and breach of contract claims to be brought together. *See, e.g., B. Milborn & Assocs. v. Trident Press Int'l, Inc.*, No. 03-C-50002, 2004 WL 2538292 (N.D. Ill. Nov. 8, 2004); *Maher & Assocs., Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69, 640 N.E.2d 1000 (1994).

Plaintiff's SRA claim is not duplicative for additional reasons. First, Plaintiff's breach of contract claims allege breaches beyond those provisions governed by the SRA, like wrongful termination. Additionally, the SRA provides a second, extracontractual avenue of relief—violation of Section 2 of the Act. *Id.* § 120/2; s*ee also Kelly v. McGraw-Hill Cos.*, 885 F. Supp. 2d 885, 893–94 (N.D. Ill. 2012) (holding that SRA claim was not necessarily proved by a breach of a sales contract). Plaintiff's SRA claim also seeks different statutory remedies, including treble damages and attorneys' fees and costs, which are not available in a garden variety breach of contract action. *B. Milborn & Assocs.*, 2004 WL 2538292, at *2 (discussion of treble damages under SRA in addition to contractual damages); *see also Installco Inc. v. Whiting Corp.*, 336 Ill. App. 3d 776, 786, 784 N.E.2d 312, 321 (2002) (discussion of attorneys' fees under the SRA in addition to remedies for breach of contract). Because there are alternative avenues of relief through the SRA, and because the remedies sought in Count III differ from those sought in Counts I and II, defendant's motion to dismiss due to duplicative claims is denied. *Cf. Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 919 (N.D. Ill. 2013) (dismissing a claim as duplicative where the plaintiffs "allege[d] identical facts and request[ed] the same remedy.").

**Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is denied in full.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin

United States District Judge

Dated: September 30, 2022

11